UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KELLIE KOPINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-176 |
| | ) | (VARLAN/SHIRLEY) |
| CINDY CRAWFORD, STACY GRIFFIN, | ) | |
| WILLIAM ANGEL, MICHAEL WREN, | ) | |
| and ADAM GARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendants Cindy Crawford and Stacey Griffin's Motion to Dismiss the Complaint [Doc. 9] and defendants William Angel, Michael Wren, and Adam Garrett's Motion to Dismiss [Doc. 19]. Plaintiff has filed a response in opposition to the motions to dismiss, and thus the matter is now ripe for adjudication. The Court has carefully reviewed the pending motions, supporting memoranda, and plaintiff's response in light of the applicable law. For the reasons set forth herein, the defendants' motions to dismiss will be granted.

**I.    RELEVANT FACTS**

As the Court is required to do on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will construe claims in the light most favorable to plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiffs can prove

no set of facts in support of its claims that would entitle her to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Plaintiff, Kellie Kopinski, filed a Complaint on May 6, 2008, against employees of the Tennessee Department of Children's Services ("DCS") and the Morgan County Sheriff's Department. On August 31, 2007, defendant Cindy Crawford, an employee with DCS, approached plaintiff at a bus stop in August 2007 and stated that she received a referral from an anonymous caller that plaintiff's house was a wreck and her sons, David and Kevin, were not being fed. Plaintiff told defendant Crawford that she did not was to "sit down" with her, presumably to talk, and defendant Crawford left her contact information with plaintiff, should plaintiff change her mind.

On October 29, 2007, DCS obtained an Order from the Morgan County Juvenile Court, which ordered plaintiff and her husband to allow entrance to their home and access to their children because it appeared to the court that Timothy and David Kopinski were subject to abuse or neglect. [*See* Doc. 12-1.] Specifically, the order states,

IT IS THEREFORE ORDERED:

1. That the parents allow entrance to the home where the children are located by duly authorized representatives of the State of Tennessee Department of Children's Services, for the purpose of examining the children and observing their environment and/or completing and necessary examination.

2. That if necessary to complete the investigation required by T.C.A. 37-1-406, the State of Tennessee, Department of Children's Services shall take the children into its custody for the purpose of obtaining a physical examinations [sic] by a qualified professional, to place the children in a suitable health care facility for the purpose of conducting such examination, and to consent to any ordinary procedures relative to such examination.

2

> 3. That a law enforcement official shall accompany the representative of the Department of Children's Services for purposes of assisting with this investigation.

[*Id.*]

On October 29, 2007, defendant Crawford went to plaintiff's home with defendants Michael Wren and Adam Garrett, officers with the Morgan County Sheriff's Department.[1] Defendants Wren and Garrett "cut a chain that was locking a gate to gain entry onto [Plaintiff's] property." [*See* Doc. 1 at Ex. 1.] Defendants knocked on plaintiff's door and showed plaintiff the order from the Juvenile Court of Morgan County, Tennessee. Plaintiff admits that the order "said to allow Cindy Crawford in to [sic] home to see David and Timothy Kopinski and home environment." [*Id.*] Plaintiff initially refused to allow Ms. Crawford and the officers to enter her home, stating that a search warrant was required and the order was not a search warrant. Plaintiff states that defendants Crawford, Wren, and Garrett threatened her with arrest if she did not let them into the home. Plaintiff states that she "reluctantly by their coercion let them come [in]." [*Id.*] Defendants Angel, Wren, and Garrett admit that plaintiff was advised that she could be arrested for contempt of the court order if she did not permit entry.

Plaintiff claims that her constitutional rights were violated by this incident. She also bases her claims in several federal criminal statutes, under which she has no standing to assert. Specifically, plaintiff states, "The officers and Ms. Crawford Have clearly acted upon

---

[1] Defendants Griffin and Angel were sued as supervisors and not based upon their own presence at plaintiff's home.

the color of law us code tittle 18 U.S.C. chapter 109 2235.2236. section241. Section 242 and violated by 1st, 4th, and 9th, 14th amendment rights." [*Id.*]

## II.  STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.*, 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal quotations and citations omitted). The issue is not whether the claimant will prevail, but whether claimant is entitled to offer evidence to support its claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

## III.     ANALYSIS

For the most part, plaintiff's complaint is vague and conclusory. The Complaint must set forth "more than the bare assertion of legal conclusions." *In re DoLorean Motor Co.*, 991 F.2d 1240. Although pro se pleadings are liberally construed, the Court is required to dismiss an action if the complaint fails to present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S. Ct. at 1974. The only claim that plaintiff has provided any factual assertions to support is a claim that defendants Crawford, Wren, and Garrett violated her Fourth Amendment rights to be free from an unreasonable search of her home. *See* U.S. Const. amend. IV.

Plaintiff's claim fails because defendants cannot be liable for an unreasonable search because they were acting pursuant to a facially valid court order issued by the Juvenile Court of Morgan County, Tennessee, and thus are entitled to quasi-judicial immunity.

> Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Shelton v. Wallace*, 886 F. Supp. 1365, 1371 (S.D. Ohio 1995). Just as a judge acting in her judicial capacity is absolutely immune from liability under § 1983, an official charged with the duty of executing a facially-valid court order also enjoys immunity from liability from damages in a suit challenging conduct prescribed by that order. *Id.*

*Reguli v. Guffee*, No. 3:08-0774, 2009 WL 425020 at *10 (M.D. Tenn. Feb. 19, 2009). Additionally, this Court has no jurisdiction to review the constitutionality of the order issued by the Juvenile Court of Morgan County, Tennessee pursuant to the *Rooker-Feldman* Doctrine. *Id.* at 7-9. "The *Rooker-Feldman* Doctrine bars federal district courts from hearing

cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006). Thus, plaintiff does not state a claim upon which relief can be granted and this case will be dismissed.

**IV.    CONCLUSION**

For the reasons set forth herein, defendants Cindy Crawford and Stacey Griffin's Motion to Dismiss the Complaint [Doc. 9] and defendants Chief William Angel, Michael Wren, and Adam Garrett's Motion to Dismiss [Doc. 19] are hereby **GRANTED**, whereby plaintiff's claims are **DISMISSED**. The Clerk is hereby **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE